# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1042**
**CA 13-00084**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF AN APPLICATION FOR A SUBSEQUENT
RETENTION ORDER PURSUANT TO CPL 330.20 IN
RELATION TO S.J., RESPONDENT-APPELLANT,

           V                             MEMORANDUM AND ORDER

STATE OF NEW YORK, PETITIONER-RESPONDENT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF
COUNSEL), FOR RESPONDENT-APPELLANT.

S. J., RESPONDENT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------

     Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Monroe
County Court (Vincent M. Dinolfo, J.), dated August 6, 2012 in a
proceeding pursuant to CPL 330.20 (9).  The order determined that
respondent is mentally ill and authorized the Commissioner of the New
York State Office of Mental Health to continue to retain respondent in
a nonsecure facility for care and treatment until July 2, 2013.

     It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

     Memorandum:  In this proceeding under CPL 330.20, respondent
appeals from an order determining that he is mentally ill (*see* CPL
330.20 [1] [d]), and authorizing the Commissioner of the New York
State Office of Mental Health to continue to retain him in a nonsecure
facility for care and treatment until July 2, 2013.  We dismiss the
appeal as moot.  The order has expired by its own terms and was
superseded by an order subsequently entered, and the issues raised are
not sufficiently substantial or novel to warrant invoking the
exception to the mootness doctrine (*see Matter of David C.*, 69 NY2d
796, 798; *Matter of Zheng Z. [South Beach Psychiatric Ctr.]*, 68 AD3d
886, 887).

     Even assuming, arguendo, that the exception to the mootness
doctrine applies, we conclude that a fair interpretation of the
evidence supports County Court's determination (*see Matter of*

*Rabinowitz v James M.*, 63 AD3d 481, 481).

Entered: November 15, 2013

Frances E. Cafarell
Clerk of the Court